LMD/JM: USAO2015R00607

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV 17 PM 4: 42

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. MJG-15-0600 |
| | * | |
| PATRICK MILLER and, | * | (Conspiracy to Distribute and Possess |
| VANESSA CORONA | * | with Intent to Distribute Cocaine and |
| | * | Marihuana, 21 U.S.C. § 846; Possession |
| Defendants | * | with Intent to Distribute Cocaine and |
| | * | Marihuana, 21 U.S.C. § 841(a)(1); |
| | * | Unlawful Possession of an Unregistered |
| | * | Firearm, 26 U.S.C. § 5861(d); |
| | * | Forfeiture, 21 U.S.C. § 853, 26 U.S.C. § |
| | * | 5872(a), 18 U.S.C. § 924(d)) |
| | * | |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy)

The Grand Jury for the District of Maryland charges that:

From in or about January 2014 until on or about July 13, 2015, in the District of Maryland, the defendants,

**PATRICK MILLER and,
VANESSA CORONA**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 846
21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(D)

## COUNT TWO
### (Possession with Intent to Distribute)

The Grand Jury for the District of Maryland further charges that:

On or about July 13, 2015, in the District of Maryland, the defendants,

**PATRICK MILLER and,
VANESSA CORONA**

did knowingly, intentionally, and unlawfully possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(D)

## COUNT THREE
### (Unregistered Firearm)

The Grand Jury for the District of Maryland further charges that:

On or about July 13, 2015, in the District of Maryland, the defendant,

## PATRICK MILLER,

did knowingly, intentionally, and unlawfully possess a "firearm" as that term is defined in Title 26, United States Code, Section 5845(a) – to wit a MP5-type 9mm Luger caliber machinegun bearing no serial number – not registered to him in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841.

26 U.S.C. § 5861(d)
26 U.S.C. § 5871

3

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853 and Title 18, United States Code, Section 922(d)(1), as a result of the defendants' conviction under Counts One through Four of the Indictment.

2. Upon conviction of the offense in violation of Title 26, United States Code, Section 5861(d) set forth in Count Three of the Indictment, the defendant,

**PATRICK MILLER,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, Section 5872(a), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any willful violation of any criminal law of the United States. The property to be forfeited includes, but is not limited to, a MP5-type 9mm Luger caliber machinegun bearing no serial number and any seized ammunition.

3. As a result of the offenses set forth in Counts One and Two of the Indictment, the defendants,

**PATRICK MILLER, and,**
**VANESSA CORONA**

shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4

4. If, as a result of any act or omission of the defendants, any of the property described in this Indictment as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

21 U.S.C. § 853(p)  
28 U.S.C. § 2461(c)

ROD J. ROSENSTEIN  
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson     Date: 11/17/15