IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
    Plaintiff

V.

                              Case No. JKB-1-15-CR-00600-001

PATRICK MILLER,
    Defendant

---

## MOTION TO REQUEST EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. SECTION 3583(e)

---

Comes now, PATRICK MILLER, *pro se*, defendant, ("Miller" herein) to respectfully request this Court terminate the remaining portion of his supervised release.

In support thereof, Miller puts forth the following.

### JURISDICTION:

This Court has jurisdiction pursuant to 18 U.S.C. Section 3583(e) to "terminate a term of supervised release...[at] any time after one year of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation..." *Id. See also*, 18 U.S.C. Section 3564(c), both incorporating Federal Rules of Criminal Procedure (i.e., Rule 32.1(c)).



1

## RELEVANT FACTUAL BACKGROUND

Miller was arrested in July of 2015, and charged with conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. Sections 846 and 841. Miller ultimately pled guilty to both counts in June of 2016 and received a sentence of 60 months of incarceration to be followed by 4 years of supervised release.

Miller self-surrendered to Lewisburg Prison Camp (LPC) in Lewisburg, Pennsylvania in November of 2016. Miller's conduct was outstanding. While incarcerated Miller participated in numerous programs. Miller maintained an excellent work record and received stellar progress reports while incarcerated at the prison camp. Miller worked on the facility's maintenance crew performing repair work on the facility, in the facility's food warehouse managing the food inventory, and as a cook for the facility.

LPC rewarded Miller for his excellent behavior by granting him release after serving less than his full sentence. Miller was released to a halfway house. Miller immediately sought and obtained employment with VClean, a mold remediation company. Miller worked for six months with this company and had a stellar track record with the company. Miller then obtained his Commercial Driver's License. Miller began his own trucking company three years ago, APM Transport, which provides long-haul trucking services.

In August of 2020, Miller began his term of supervised release. Since that time, Miller has completed individual counseling and achieved all of his treatment goals. Miller has continued to gain more marketable skills.

Miller's trucking business has been thriving since its inception in April of 2021. Miller's company, APM Transport, offers flatbed trucking services.

Currently, Miller is seeking to take advantage of an advancement opportunity. Miller has an

excellent family support system that has assisted him in his positive transition back into society. Miller has a 10-year-old daughter. Miller has deepened his relationship with his daughter since his release. Miller and his daughter enjoy playing soccer and softball. Miller spends time with his family members, including his mother and father in Anne Arundel County, who have supported him throughout his incarceration and since his release.

Miller has completed approximately 36-months of his 48-month term of supervised release. His conduct has been excellent as he has had no incidents and complied with all of the terms and conditions of supervision. Miller has performed well while on supervised release. Miller should be classified as "low risk" and he has complied with all conditions of his probation. Miller is thirty-six years old and has maintained employment since his supervised release.

## APPLICABLE LAW:

Title 18 U.S.C. Section 3583(e) directs courts to consider the purposes of sentencing set forth in 18 U.S.C. Section 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)((S), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The judicial conference has identified the following criteria to assess eligibility for early termination: "Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. Here, Section 3583(e) sets the eligibility at "any time after the expiration of one year of supervised release." (3583(e)(1)).

The general criteria for assessing whether a statutorily eligible offender should be recommended to the Court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (i.e., residence, family, employment);
2. progressive strides toward supervision objectives and in compliance with all the conditions of supervision;
3. no history of violence (e.g., sexual assaults, predatory behavior or domestic violence);
4. no recent arrest or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
5. no recent evidence of alcohol or drug abuse;
6. no recent psychiatric episodes;

3

7. no identifiable risk to the safety of any identifiable victim; and
8. no identifiable risk to the public safety based on the Risk Assessment Prediction Index (RPI).

*See*, Guide to Judiciary Policy, Vol. 8E, Chapter 3, Section 30.10(b), "Early Termination" (Monograph 109) (revised 2010).

Pursuant to the policy "there is a presumption in favor of recommending early termination for supervised defendants after the first 18 months if they are not career offenders, sex offenders, or terrorist" and they are "free from moderate or high severity violations." *Id.* Section 30.10(g).

Courts have long advised early termination of defendants that meet the above criteria, even after the one-year period governed by the statute, *ante*. "Terminating appropriate cases before they reach full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference (Issuing a Memorandum to all United States District Judges, February 16, 2012). Judge Bell's Memorandum in 2012 noted that supervision costs approximately $3,938 per year, per case. The cost since the issuance of those findings has increased exponentially.

Lastly, an Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Thus, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize the public safety." *Id.*

Applying the above criteria to this case, Miller's file establishes that he meets this criterion, thus is a candidate for early termination. Miller has complied with all the terms and conditions of his supervised release. Miller's track record evidences that there have been no issues or areas of concern throughout his three years since his release. Miller has proven that he is no threat to public safety and, conversely, has been an asset to the community through his company APM Transport.

Moreover, Miller's compliance with all the conditions of supervised release, his additional and

continuous work in the community and his exemplary prison record and overall commitment to being a better person, should serve as proof positive of Miller's commitment to becoming a better person and substantiate that he has no further interest, whatsoever, in crime and fulfills all the applicable Section 3553(a) factors favoring early termination. Lastly, the opportunity available to Miller now, may not be there when his supervised release has concluded as the federal government may fill the position with someone who is not restricted.

Under parallel circumstances the case law favors early termination. *See, United States v. Lyons,* Crim. No. DKC-13-02823 (D. MD 2020) ("Based on the interest of justice and Mr. Lyons conduct since his time on supervised release early termination is warranted"); *United States v. Reid,* Crim No. DKC 13-0236-2 (D. MD 2020) (defendant convicted of drug and firearm charges complied with all terms and conditions of supervised release, became self-employed and was granted early termination over government objection); *United States v. Arrington,* Crim No.7:06-cr-00081 (D. W. VA 2022) (granted early termination based on compliance with all terms and conditions of supervised release) *See also, United States v. Friend,* Case No. 13-226 (W.D. PA 2019) (granting early termination of supervised release after Friend had served 21 of 36 months of supervision based on his age, compliance with all the conditions of supervision, although nothing exceptional, but meeting the criteria under Section 3553(a)and "Probation Department agreeing with the request"); *United States v. Harris,* 258 F. Supp. 3d (D.C. Dist. Ct. 2017) (reducing term of supervised release from 120 months to 60 months, time served after defendant served 5 of his 10 years in compliance with all the standard terms and conditions of supervised release); *United States v. Epps,* 707 F.3d 337 (D.C. Cir. 2013) (holding that early termination is appropriate where defendant has complied with his standard conditions and relief is warranted under the Section 3553(a) factors); *United Stats v. Harris,* 689 F. Supp. 2d 692 (S.D.N.Y. 2010) (granting early termination to eliminate obstacles to professional advancement and employment after consideration of the 3553(a) factors)); *United States v. Rentas,*

573 F. Supp. 2d 801 (S.D.N.Y. 2008) (granting relief finding defendant "law abiding behavior and review of 3553(a) factors favored early termination").

## CONCLUSION

For the foregoing reasons, Patrick Miller respectfully requests this Court grant his request for early termination of his remaining term of supervised release.

Respectfully submitted,

_____       2/27/24
Patrick Miller, *pro se*
7895 Huguenot Court
Severn, Maryland 21144

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

United States of America        *

                                *

v.                              *    Case No. JKB-1-15-CR-00600-001

Patrick Miller                  *

                                *

## CERTIFICATE OF SERVICE

I hereby certify that on __3/1/24__, a copy of __Motion to Request Early Termination of Supervised Release__ which was electronically filed in this case on __3/1/24__, was mailed via first class mail, postage prepaid, to __James K. Bredar, Chief District Judge, 101 West Lombard St, Baltimore, MD 21201__.

__3/1/24__
Date

_[signature]_
Signature

Patrick Miller
Printed Name and Bar Number

7895 Huguenot Ct Severn, MD 21144
Address

APMTransport87@gmail.com
Email Address

443 802 6153
Telephone Number

_____
Fax Number

CertificateofService (06/2016)